**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Shokelle Reon McKay,

|  |  |
|---|---|
| Plaintiff, | Case No. 25-11445 |
| v. | Judith E. Levy<br>United States District Judge |
| Armin Harba, *et al.*, | |
| Defendants. | Mag. Judge Kimberly G. Altman |

_____/

**OPINION AND ORDER ADOPTING REPORT AND**
**RECOMMENDATION [37]**

Before the Court is Magistrate Judge Kimberly G. Altman's Report

and Recommendation ("R&R") (ECF No. 37) recommending the Court

deny Defendants City of Inkster and Inkster Police Department's motion

to dismiss (ECF No. 15), grant in part and deny in part Defendants Harba

and Milbocker's motion to dismiss (ECF No. 23), and grant Plaintiff's

motion to amend the complaint. (ECF No. 26.)

The parties were required to file specific written objections, if any,

within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d).

Plaintiff filed one objection to the R&R. (ECF No. 38.) Defendants did not file a response to Plaintiff's objection.

For the reasons set forth below, Plaintiff's objection is overruled and Judge Altman's R&R is adopted.

## I.     Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II.    Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v.*

*Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff initiated the case as a self-represented party, the Court will construe his complaint liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (stating that "we read a [*pro se*] prisoner's complaint liberally").

### III.   Analysis

**A.   Defendants City of Inkster and Inkster Police Department's ("Inkster Defendants") motion to dismiss (ECF No. 15) and Plaintiff's motion to amend the complaint (ECF No. 26)**

Plaintiff's objection concerns his claims against Harba and Milbocker. (ECF No. 38.) No objections were filed regarding the R&R's recommendation to deny the Inkster Defendants' motion to dismiss and to grant Plaintiff's motion to amend the complaint.

The Court has nevertheless carefully reviewed the R&R and concurs in the reasoning and result regarding the Inkster Defendants' motion to dismiss and Plaintiff's motion to amend the complaint. As such, the R&R is adopted for those motions.

**B.   Defendants Harba and Milbocker's motion to dismiss (ECF No. 23)**

Plaintiff filed one objection. (ECF No. 38.) In his objection, Plaintiff argues that the R&R erred when it determined that Harba and Milbocker are entitled to qualified immunity regarding Plaintiff's claim that the scope and duration of his traffic stop violated the Fourth Amendment.

Plaintiff's Fourth Amendment claim is brought pursuant to 42 U.S.C. § 1983, and qualified immunity is an affirmative defense to § 1983

4

claims. *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014). If the defendant raises the affirmative defense of qualified immunity, the plaintiff must demonstrate that the defendant is not entitled to a qualified immunity defense. *Guertin v. Michigan*, 912 F.3d 907, 917 (6th Cir. 2019). To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Both of these factors must be satisfied for a court to find that the defendant is not entitled to qualified immunity. *See Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013).

According to the complaint, Harba and Milbocker "stopped the vehicle that the plaintiff was a passenger of" for failing "to make a complete stop at the stop sign." (ECF No. 25, PageID.159.)[1] "Immediately after the vehicle came to a stop, trooper Harba ran to the passenger-side window, where the plaintiff was seated, leaned through the open window

---

[1] Plaintiff's allegations regarding Harba and Milbocker are the same in his original complaint and his amended complaint. (*See* ECF Nos. 1, 25.) As such, the Court will refer to the operative complaint, which is his amended complaint. (ECF No. 25.)

so that his arms and torso were inside of the car, and with a flashlight began to search both the vehicle and the plaintiff." (*Id.*) During this search, which allegedly violated the Fourth Amendment and is the subject of another claim, Harba located contraband. Plaintiff was then arrested by Milbocker. The complaint estimates that the time between the initiation of the traffic stop to Plaintiff's arrest was about 15 minutes. (*Id.*)

Plaintiff argues that the "scope and duration of the [traffic] stop was unlawfully extended," (ECF No. 38, PageID.272), because "the police activity, a search for criminal activity unrelated to the traffic stop, 'was not tied to the traffic infraction.'" (*Id.* at PageID.271 (quoting *Hernandez v. Boles*, 949 F.3d 251, 257 (6th Cir. 2020); *see also* ECF No. 25, PageID.162 (stating that Harba and Milbocker "unreasonably extended the scope and duration of the traffic stop to conduct an investigation of criminal activity unrelated to the reason for the stop").)

A traffic stop must be "limited in scope and duration." *United States v. Taylor*, 121 F.4th 590, 594 (6th Cir. 2024) (quoting *United States v. Whitley*, 34 F.4th 522, 529 (6th Cir. 2022)). "A seizure justified only by a police-observed traffic violation. . . 'become[s] unlawful if it is prolonged

beyond the time reasonably required to complete th[e] mission' of issuing a ticket for the violation." *Rodriguez v. United States*, 575 U.S. 348, 350–51 (2015) (quoting *Illinois v. Caballes*, 543 U.S. 405 (2005)). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* at 354. In order to demonstrate that a traffic stop violated the Fourth Amendment, the stopped party must demonstrate "*either* that the police activity was not tied to the traffic infraction or that the traffic stop reasonably should have been already completed." *Whitley*, 34 F.4th at 531–32 (cleaned up). But even if the alleged police activity was not tied to the traffic infraction, "the Fourth Amendment tolerate[s] certain unrelated investigations that d[o] not lengthen the roadside detention." *Rodriguez*, 575 U.S. 358, 354–55 (2015).

Plaintiff has not met his burden of demonstrating that Harba and Milbocker are not entitled to qualified immunity for his Fourth Amendment seizure claim related to the traffic stop.[2] Plaintiff essentially

---

[2] Plaintiff does not challenge his arrest by Harba and Milbocker. (*See* ECF No. 25, PageID.162 (bringing claims against Harba and Milbocker for (1) the scope and duration of the traffic stop, (2) the search of Plaintiff and the vehicle, and (3) his detention for over 48 hours without a judicial determination of probable cause).)

argues that he can bring a claim for unlawful seizure under the Fourth Amendment when his traffic stop was prolonged due to an unlawful search under the Fourth Amendment. As an initial matter, Plaintiff does not provide support indicating that such a claim is cognizable under the Fourth Amendment.

Plaintiff quotes *Hernandez*, which states that a party bringing a Fourth Amendment seizure claim based on a traffic stop can show "either that the [police activity] was not 'tied to the traffic infraction' or that the traffic stop 'reasonably should have been already completed." (ECF No. 38, PageID.271 (quoting *Hernandez*, 949 F.3d at 257).) However, the inquiry into whether the police activity is tied to the traffic infraction, and when such police activity always results in an unlawful traffic stop, is opaque. As set forth by the Supreme Court, "certain unrelated investigations" are permissible as long as they do not "lengthen the roadside detention." *Rodriguez*, 575 U.S. at 354 (emphasis added). For example, an officer's questions about drugs or conducting a dog sniff of the vehicle can be outside the scope of a traffic stop, but these actions are nonetheless permitted unless they lengthen the traffic stop. *Id.* at 354–55 (citing *Johnson*, 555 U.S. at 327–28; *Caballes*, 543 U.S. at 406, 408).

But Plaintiff does not identify Supreme Court or Sixth Circuit caselaw that clearly describes what unrelated police behavior is and is not tolerable during a traffic stop. While it is difficult to imagine that an unlawful search could ever be described as tolerable or permissible, Plaintiff nonetheless has not met his burden to identify a case that would give "fair and clear warning to officers" that unlawfully searching a vehicle during a traffic stop would also result in an unlawful seizure. *Guertin*, 912 F.3d at 932 (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)). Instead, an unlawful search of a vehicle appears to result in just that—an actionable unlawful search.

Furthermore, the Court is not convinced that Plaintiff has sufficiently alleged that the duration of the traffic stop was actually prolonged. According to the complaint, Harba "immediately" conducted the allegedly-unconstitutional search and saw contraband as a result of that search, and then Plaintiff was "subsequently arrested" because of that contraband. (ECF No. 25, PageID.159.) Unlike other cases concerning "prolonged traffic stop" Fourth Amendment violations,[3] the

---

[3] Plaintiff's allegations are unusual for a claim where officers are alleged to have exceeded the constitutional scope and duration of a traffic stop because the traffic stop in this case appears to have instantaneously transitioned into an arrest.

period of time where the seizure could be fairly described as a "traffic stop" was momentary. Given that Plaintiff's traffic stop appears to have immediately transitioned into an arrest, it is difficult to see how the stop was "prolonged beyond the duration of the tasks incident to the initial stop or past the time reasonably required 'to address the traffic violation that warranted the stop.'" *Hernandez*, 949 F.3d at 257 (quoting *Rodriguez*, 575 U.S. at 354).

Plaintiff's objection is overruled and the R&R is adopted.

## IV.   Conclusion

For the reasons set forth above, the R&R is ADOPTED. (ECF No. 37.) The Inkster Defendants' motion to dismiss (ECF No. 15) is DENIED, Harba and Milbocker's motion to dismiss (ECF No. 23) is GRANTED IN PART AND DENIED IN PART, and Plaintiff's motion to amend the complaint (ECF No. 26) is GRANTED.

---

For example, in *Rodriguez*, officers fully completed the traffic stop before unconstitutionally prolonging it by conducting a dog sniff. *Rodriguez*, 575 U.S. at 352. As is characteristic with many traffic stops, the officers in *Rodriguez* discussed the motivation with the driver, gathered documents such as a driver's license, registration, and proof of insurance, conducted a records check, and issued a written warning ticket. *Id.* at 351–52. Similarly, in *Hernandez*, the officer who stopped the vehicle conducted several activities related to the traffic stop, such as requesting a driver's license and other documents and asking the driver basic questions. *Hernandez*, 949 F.3d at 254–55.

IT IS SO ORDERED.

Dated: July 13, 2026            s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2026.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager