**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Shokelle Reon McKay,

Plaintiff,

v.

Armin Harba, *et al.*,

Defendants.

_______________________________/

Case No. 25-11445

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [44], OVERRULING PLAINTIFF'S OBJECTIONS [47], AND ORDERING DEFENDANT SABRINA JOHNSON TO PROPERLY SERVE PLAINTIFF**

Before the Court is Magistrate Judge Kimberly G. Altman's Report and Recommendation ("R&R") and Order. (ECF No. 44.) The R&R recommends that the Court deny Plaintiff's motion for default judgment as to Defendant Sabrina Johnson (ECF No. 40), and the Order grants Johnson's motion to set aside the Clerk's Entry of Default. (ECF No. 41.)

The parties were required to file specific written objections, if any, within 14 days of service of the R&R and Order. Fed. R. Civ. P. 72(a), (b)(2); E.D. Mich. L.R. 72.1(d). Plaintiff filed objections to the R&R. (ECF

No. 47.) Defendants did not file a response to Plaintiff's objection, and the time to do so has elapsed.

For the reasons set forth below, Plaintiff's objections are overruled and Judge Altman's R&R is adopted.

## I. Background

The background set forth in the R&R and Order is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

### A. Report and Recommendations

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v.*

*Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

**B. Orders**

With regard to orders issued by a Magistrate Judge that resolves a non-dispositive issue, Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig*

*v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## III. Analysis

Plaintiff filed four objections to the Order and R&R. (ECF No. 47.)

### A. Objection 1

Plaintiff's first objection states,

> The Plaintiff objects to this court making a decision without permitting him to file a response to the Defendant's motion—where he alerted the court that although the Defendant had filed a motion to set aside the default he was **not** served a copy of such filing, he is a pro se litigant, and should be allowed to respond prior to the Court's decision, see Fed Rule Civil Proc R 6.

(ECF No. 47, PageID.336.) The Court construes this as an objection to the Order granting Johnson's motion to set aside default.

Johnson filed a motion to set aside default on June 25, 2026. (ECF No. 41.) Responses to this motion were due on July 9, 2026. *See* E.D. Mich. LR 7.1(e)(1)(A). No responses were filed by that date, and Judge Altman's R&R and Order was issued on July 22, 2026. (ECF No. 44.)

Plaintiff argues that he did not timely respond to Johnson's motion because the motion was not properly served. (ECF No. 47, PageID.336.) In his response brief, which was filed on July 28, 2026, Plaintiff states that he did not receive a copy of the motion until he requested a copy from the Court around July 14, 2026, and thus his response was timely. (ECF No. 46, PageID.329.)

It appears that Johnson did not properly serve Plaintiff with this motion. Johnson's motion included a Certificate of Service, which states that her counsel "filed the foregoing Motion, to Clerk of Court and all parties of record via the electronic filing system." (ECF No. 41, PageID.292.) Here, however, Plaintiff is incarcerated and not a registered user of the Court's e-filing system. Thus, service must be made

by other means specified in Federal Rule of Civil Procedure 5(b)(2), such as delivering it in person to Plaintiff or mailing it to him.

As such, the Court will address Plaintiff's response to Defendant's motion. (ECF No. 46.) When determining whether to set aside an entry of default, district courts consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983)). "Because '[t]rials on the merits are favored in federal courts,' '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (quoting *United Coin*, 705 F.2d at 846).

Judge Altman's Order determined that there is "good cause" to set aside the entry of default because "McKay will not be prejudiced as this case is still in its early stages" and "Johnson has asserted a defense." (ECF No. 44, PageID.311.)

Plaintiff argues in his response that Johnson's failure to respond to the complaint was "willful" or "reckless" because she was served and thus

aware that "she was being sued individually." (ECF No. 46, PageID.331.) Plaintiff believes that Johnson's awareness that she was being sued in her individual capacity undermines her statement that her participation in this case was delayed due to "confusion" as to whether the City of Inkster or the state court would be conducting her litigation defense. (*Id.*; *see also* ECF No. 41, PageID.290.) The Court declines to follow Plaintiff's reasoning. Whether Plaintiff sues Johnson in her individual or official capacity has no clear connection to Johnson's representation by the City of Inkster or the state court.

Plaintiff also argues that Johnson has not set forth a meritorious defense. Johnson claims that "she was not an elected Judge at the time of the allegations." (ECF No. 41, PageID.290.) Plaintiff describes this as "a blatant lie" and states that Johnson "was in fact elected as the Chief Judge of the 22nd District Court in November of 2021 with her term to began [*sic*] in January of 2022." (ECF No. 46, PageID.328.) The Court declines to make any findings of fact at this stage of the case. The fact that there is a dispute about whether Johnson was a judge at that time heavily suggests that discovery is necessary to resolve this issue and that it should be decided on the merits. The Court also notes that a

"meritorious" defense does not require a defense that is "likely to succeed," but just a "hint of a suggestion" that the defense is meritorious. *Dassault Systemes*, 663 F.3d at 843.

Finally, Plaintiff argues that setting aside entry of default would prejudice him because "the action has progressed to the discovery phase." (ECF No. 46, PageID.332.) The Court finds that any prejudice to Plaintiff would be minimal. The scheduling order in this case was entered on July 15, 2026, only a week before Judge Altman's R&R and Order was entered. (ECF Nos. 43, 44.) Further, "[d]elay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes*, 663 F.3d at 842 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

Plaintiff also appears to believe that evidence may be lost "due to the district court's retention policies." (ECF No. 46, PageID.332.) Plaintiff's fears about spoliation of evidence are speculative. It is not clear why "the district court's retention policies" would result in "loss of evidence" or "difficulties of discovery." (ECF No. 46, PageID.332 (quoting *INVST Fin. Grp., Inc.*, 815 F.2d at 398).) Additionally, any prejudice experienced by Plaintiff are outweighed by the strong policy in favor of

"resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

In conclusion, the Court overrules Plaintiff's first objection. Even if Plaintiff's response brief was considered, it would not have warranted a different outcome.

**B. Objection 2**

In Plaintiff's second objection, he objects to the Order's finding that Johnson set forth a meritorious defense. (ECF No. 47, PageID.336–337.) Plaintiff claims that Johnson's assertion that she was not a judge at that time "is a blatant lie." (*Id.*)

For the reasons set forth in the Court's analysis of Objection 1, this objection is overruled. Plaintiff does not explain why a motion to set aside entry of default is an appropriate time for the Court to make findings of fact regarding a defendant's putative defense.

**C. Objection 3**

In Plaintiff's next objection, he argues that Johnson should not have experienced confusion regarding which entity would coordinate her

defense because she was sued in her individual capacity. (ECF No. 47, PageID.337.)

For the reasons set forth in the Court's analysis of Objection 1, this objection is overruled. Whether Plaintiff sues Johnson in her individual or official capacity is not clearly applicable to Johnson's representation by the City of Inkster or the state court. Additionally, the Court notes that other factors—such as the strong policy in favor of resolving cases on their merits and the minimal prejudice to Plaintiff—weigh in favor of setting aside entry of default.

**D. Objection 4**

Plaintiff's final objection concerns prejudice. He argues that the Order erred in concluding that the case was in the early stages and that "[a]ny further delay would prejudice the plaintiff as it could result in the inability to discover evidence due to retention policies potentially elapsing in relation to certain information he will seek, such as records for those arraigned during the period in question." (ECF No. 47, PageID.337.)

For the reasons set forth in the Court's analysis of Objection 1, this objection is overruled. Plaintiff raises the possibility of lost evidence, but

his assertion is unsupported and speculative. *See Dassault Systemes*, 663 F.3d at 842 ("[I]t must be shown that delay **will** result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." (quoting *INVST Fin. Group*, 815 F.2d at 398) (emphasis added)).

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections are OVERRULED (ECF No. 47), the R&R is ADOPTED (ECF No. 44), and Plaintiff's motion for default judgment (ECF No. 40) is DENIED.

Defendant Sabrina Johnson is ORDERED to properly serve Plaintiff in the future through in-person service, mail, or any other appropriate method specified in Federal Rule of Civil Procedure 5(b)(2).

IT IS SO ORDERED.

Dated: September 4, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager